# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------X

MATTHEW ITKIN,

                                   Plaintiff,

     -against-

CITY OF NEW YORK, MARK SCARLATELLLI, JOHN RYAN,
STACY MEIGS, PHILIP VACCARINO, CLIVE MOYER, and
STEVEN SPOSITO,

                                 Defendants.

-------------------------------------------------------------------X

Index No.: 150415/2015

**SUMMONS**

Plaintiff designates
RICHMOND County
as the place of trial.

The basis of venue is:
place of occurrence.

**TO THE ABOVE NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       October 21, 2016

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for the Plaintiff
                                        MATTHEW ITKIN
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

                                        By: _____
                                             BRETT H. KLEIN

To:   Zachary A. Carter
      Corporation Counsel of the City of New York
      Attorneys for Defendants City of New York and Mark Scarlatelli
      Claim No.: 2014PI028670
      Law Dept. No.: 2015-026405
      100 Church Street
      New York, New York 10007

      Mark Scarlatelli (Tax #937502)
      c/o NYPD 75th Precinct
      100 Sutter Avenue
      Brooklyn, New York 11208

      Lt. John Ryan
      c/o NYPD 120 Precinct
      78 Richmond Terrace
      Staten Island, New York 10301

      Detective Stacy Meigs
      c/o NYPD, NMSI, OCCB Division
      1 Police Plaza
      New York, New York

      Detective Philip Vaccarino
      c/o NYPD, NMSI, OCCB Division
      1 Police Plaza
      New York, New York

      Detective Clive Moyer AKA CLYDE MOYER
      c/o NYPD, NMSI, OCCB Division
      1 Police Plaza
      New York, New York

      Detective Steven Sposito
      c/o NYPD, NMSI, OCCB Division
      1 Police Plaza
      New York, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------X

MATTHEW ITKIN,

                       Plaintiff,

    -against-

CITY OF NEW YORK, MARK SCARLATELLLI, JOHN RYAN, STACY MEIGS, PHILIP VACCARINO, CLIVE MOYER, and STEVEN SPOSITO,

                       Defendants.

-----------------------------------------------------------------X

Index No. 150415/2015

**VERIFIED AMENDED COMPLAINT**

      Plaintiff, by his attorneys, BRETT H. KLEIN, ESQ., PLLC, complaining of the defendants, respectfully alleges, upon information and belief:

      1. At the time of the commencement of this action, plaintiff MATTHEW ITKIN was a resident of the County of Richmond, State of New York.

      2. The cause of action alleged herein arose in the County of Richmond, State of New York.

      3. At all times relevant and material herein, the defendant CITY OF NEW YORK was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

      4. At all times relevant and material herein, the defendants MARK SCARLATELLI, (hereinafter referred as to SCARLATELLI), JOHN RYAN (hereinafter referred as to RYAN), STACY MEIGS (hereinafter referred as to MEIGS), PHILIP VACCARINO (hereinafter referred as to VACCARINO), CLIVE MOYER (hereinafter referred as to MOYER), STEVEN SPOSITO (hereinafter referred as to SPOSITO), were

members of the New York City Police Department and employees of the CITY OF NEW YORK.

5. That on September 9, 2014, a duly executed notice of claim addressed to the Office of the Comptroller of the City of New York was served on behalf of the above plaintiff.

6. That a hearing was held pursuant to General Municipal Law §50(h) on December 16, 2014.

7. At least thirty (30) days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused.

8. This action is commenced within one year and ninety days after the happening of the events upon which it is based.

9. On July 18, 2014 at approximately 7:15 p.m., the plaintiff was lawfully operating his motor vehicle in the vicinity of Willowbrook Road and Sunset Avenue, and then on Harold Avenue near Fillmore Avenue, when, without probable cause to believe he was committing any offense, he was improperly stopped by an unmarked police car, subjected to an illegal search, and falsely arrested. The officers that were in this unmarked car were NYPD detectives Philip Vaccarino and Stacy Meigs.

10. After his unlawful arrest, the plaintiff was handcuffed in an overtight manner. Defendant NYPD detectives Scarlatelli, Moyer and Sposito, as well as defendant NYPD sergeant Ryan, arrived at the scene, where they continued, approved, participated in, and otherwise failed to intervene to stop plaintiff's false arrest, despite knowing that he had done nothing wrong.

11. Plaintiff was tightly handcuffed and driven around for hours in the back of a police van which was being driven wildly and at high speeds by defendants Moyer and Sposito.

During his time in the police van, the plaintiff was repeatedly caused to strike his head against the interior of the vehicle and otherwise thought he was going to die.

12. The entire pretext of the purported arrest was based upon plaintiff's passenger possessing an "e-cigarette" with purported marijuana in it. The defendants lied by alleging in paperwork and to the Staten Island District Attorney's office that plaintiff was purportedly observed passing the e-cigarette, and that it contained marijuana. Both allegations were false, as the e-cigarette, which was found negative by the NYPD for the presence of any controlled substance and was thus completely lawful, was in his passenger's pocket, and not in plain view.

13. After a review of these facts, all criminal charges against plaintiff were dismissed by the Staten Island District Attorney, who declined to prosecute Mr. Itkin on August 19, 2014. All charges were thus sealed and deemed a legal nullity.

### As and For a First Cause of Action for False Arrest/False Imprisonment, Assault and Battery, and Negligence against Defendant City of New York under New York State Law

14. The stop, arrest, handcuffing, rough ride, fabrication of evidence, and issuance of process against MATTHEW ITKIN was without probable cause and otherwise unjustified and unreasonable. He was subjected to the negligent operation of the prisoner van, and otherwise battered via the excessively tight handcuffing and the manner in which he was improperly restrained in the prisoner van, and was maliciously issued criminal process based on fabricated evidence compelling his appearance in criminal court on a later date. Mr. ITKIN was conscious of his confinement, did not consent to it, and as a result sustained loss of liberty, physical injuries and emotional distress.

15. On August 19, 2014, all of the false purported criminal charges against plaintiff were dismissed by the Staten Island District Attorney's Office, which declined to

5

prosecute the false charges conveyed to it by the defendant officers.

16. The defendant officers engaged in the above-described misconduct while acting in the scope of their employment and otherwise in the discharge of their duties for defendant City of New York, which is thus liable for the defendant officers' actions under the doctrine of *respondeat superior*.

17. As a result of the foregoing unlawful stop, search, seizure, false arrest, wrongful imprisonment, tight handcuffing, "rough ride", malicious abuse of process, and fabrication of evidence, plaintiff was damaged in an amount which exceeds the jurisdiction of all lower Courts that may otherwise have jurisdiction over this action.

**As and For a Second Cause of Action for Violations of Plaintiff's Rights Under Federal Law Via 42 USC Section 1983 against defendants Scarlatelli, Ryan, Meigs, Vaccarino, Moyer and Sposito**

18. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "17" with the same force and effect as if more fully set forth at length herewith.

19. The arrest, handcuffing, rough ride, fabrication of evidence, and issuance of process against MATTHEW ITKIN by defendants SCARLATELLI, RYAN, MEIGS, VACCARINO, MOYER and SPOSITO, who were acting under color of state law, statute, ordinance, regulation, custom, or usage as the agents and employees of the NYPD of defendant CITY OF NEW YORK, were in violation of plaintiff's rights under the Fourth and/or Fourteenth Amendments to the United States Constitution via 42 U.S.C. § 1983.

20. Upon the above facts, the individually named defendants did deprive plaintiff of his rights to be free from false arrest, deliberate indifference to his safety, excessive force, fabrication of evidence/deprivation of his right to fair trial, and malicious abuse of process.

21. Because of the above stated misconduct, plaintiff MATTHEW ITKIN was

caused to have suffered pain, shock, mental anguish and loss of liberty.

22. As a result of the foregoing violations of his civil rights, plaintiff is entitled to compensatory damages, punitive damages against the individually named defendants, and attorney's fees and costs via 42 U.S.C. § 1988.

23. As a result of the foregoing, plaintiff was damaged in an amount which exceeds the jurisdiction of all lower Courts.

**WHEREFORE**, plaintiff demands judgment against the defendants upon the causes of action set forth above, jointly and severally, in an amount to be determined by the trier of fact; together with the costs and disbursements of this action and punitive damages against the individually named defendants.

Dated:  New York, New York
        October 21, 2016

                    BRETT H. KLEIN, ESQ., PLLC
                    Attorneys for the Plaintiff
                    MATTHEW ITKIN
                    305 Broadway, Suite 600
                    New York, New York 10007
                    (212) 335-0132

                    By: _____
                        BRETT H. KLEIN

## ATTORNEY'S VERIFICATION

**BRETT H. KLEIN**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at BRETT H. KLEIN, ESQ., PLLC, attorneys for the plaintiff, Matthew Itkin. I have read the annexed SUMMONS and VERIFIED AMENDED COMPLAINT, and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not the plaintiff is that plaintiff does not reside in the county wherein the undersigned maintains my law office.

Dated:  New York, New York
        October 21, 2016

                                                        _____
                                                        Brett H. Klein

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------X

MATTHEW ITKIN,

                                 Plaintiff,            Index No.: 150415/2015

    -against-

CITY OF NEW YORK, MARK SCARLATELLLI, JOHN RYAN,
STACY MEIGS, PHILIP VACCARINO, CLIVE MOYER, and
STEVEN SPOSITO,

                                 Defendants.

-----------------------------------------------------------------X

## SUMMONS AND VERIFIED AMENDED COMPLAINT

                             **BRETT H. KLEIN, ESQ., PLLC**
                      Attorneys for the Plaintiff Matthew Itkin
                            305 Broadway, Suite 600
                            New York, New York 10007
                                (212) 335-0132