# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------------x

MATTHEW ITKIN,

                                 Plaintiff,

-against-

CITY OF NEW YORK, MARK SCARLATELLLI, JOHN
RYAN, STACY MEIGS, PHILIP VACCARINO, CLIVE
MOYER, and STEVEN SPOSITO,

                                 Defendants.

**ANSWER TO AMENDED COMPLAINT**

Index #: 150415/2015

Law Dept. #: 2015-026405

------------------------------------------------------------------------x

        Defendants THE CITY OF NEW YORK, MARK SCARLATELLI S/H/A MARK SCARLATELLLI, JOHN RYAN, STACY MEIGS, PHILIP VACCARINO, CLYDE MOYER S/H/A CLIVE MOYER, STEVEN SPOSITO, by ZACHARY W. CARTER, Corporation Counsel, answering the complaint, allege upon information and belief:

        1.      Deny each allegation set forth in paragraphs 9-17, 19-23, inclusive.

        2.      Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraphs 1, 2, inclusive, except admit that plaintiff was arrested in Richmond County.

        3.      Deny the allegations set forth in paragraphs 5-8, inclusive, except that a notice of a claim was presented, that more than thirty days have elapsed without adjustment thereof.

        4.      Deny each allegation set forth in paragraph 3, inclusive, except that the City of New York is a municipal corporation.

        5.      Deny each allegation set forth in paragraph 4, inclusive, except that MARK SCARLATELLI S/H/A MARK SCARLATELLLI, JOHN RYAN, STACY MEIGS,

PHILIP VACCARINO, CLYDE MOYER S/H/A CLIVE MOYER, and STEVEN SPOSITO were duly appointed and acting in the scope of their employment, and deny knowledge or information sufficient to form a belief as to the truth of any allegations against unidentified officers.

6. Deny each allegation set forth in paragraph 18, inclusive, except as otherwise pleaded herein.

## AFFIRMATIVE DEFENSES

7. Plaintiff's culpable conduct caused or contributed, in whole or in part, to his/her/their injuries and or damages.

8. At all times mentioned in the complaint, plaintiff's knew or should have known in the exercise of due/reasonable care of the risks and dangers incident to engaging in the activity alleged. Plaintiff voluntarily performed and engaged in the alleged activity and assumed the risk of the injuries and/or damages claimed. Plaintiff failed to use all required, proper, appropriate and reasonable safety devices and/or equipment and failed to take all proper, appropriate and reasonable steps to assure his/her/their safety. Plaintiff's primary assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff with respect to the risk assumed. Plaintiff's express assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff with respect to the risk assumed. Plaintiff's implied assumption of risk caused or contributed, in whole or in part to his/her/their injuries.

9. Defendants are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

10. The amounts recoverable by plaintiff are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other

person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff, or by reason of the fact that punitive damages are not recoverable against municipal defendant(s).

11.   If plaintiff demonstrates that the acts complained of were undertaken in the scope of the actor(s) employment, then such acts as may have been committed by law enforcement officers in the employ of the City of New York were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause, and in the exercise of professional judgment or the performance of discretionary functions for which defendant(s) are qualifiedly privileged under the laws of this State and of the United States. Individual defendants represented by the Office of the Corporation Counsel, including but not limited to, MARK SCARLATELLI S/H/A MARK SCARLATELLLI, JOHN RYAN, STACY MEIGS, PHILIP VACCARINO, CLYDE MOYER S/H/A CLIVE MOYER, STEVEN SPOSITO, did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are/is protected by qualified immunity.

12.   This court lacks jurisdiction over the defendant DET. MARK SCARLATELLI, in that said defendant was not personally served with the summons.

13.   Plaintiff's complaint fails to allege a prima facie case against the defendants answering hereby.

**WHEREFORE**, defendants demand judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

ZACHARY W. CARTER
Corporation Counsel
100 Church Street
New York, New York 10007

## VERIFICATION

DANIEL JOY an attorney admitted to practice before the Courts of the State of New York, affirms pursuant to Rule 2106 of the Civil Practice Laws and Rules: affirmant is an employee of the Office of the Corporation Counsel; that affirmant has read the foregoing answer, cross-claim(s) and counterclaim(s), if any, and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters alleged upon information and belief, which affirmant believes to be true based upon the files, books and records maintained by The City of New York, New York City Health and Hospitals Corporation or the New York City Board/Department of Education, and the officers or agents thereof.

Dated:   New York, New York
         January 13, 2017

_____
DANIEL JOY

## STIPULATION/CERTIFICATION

IT IS HEREBY STIPULATED AND AGREED, that at any time prior to the filing of a note of issue in this action, plaintiff(s) may amend the complaint to name additional defendants herein, provided that such additional defendants shall not include the City of New York, the Board/Department of Education, Health & Hospitals Corporation, City University of New York, or any of their respective departments, subdivisions or employees, nor any other person entitled to defense or indemnification by the City of New York.

The signature below shall constitute the signature required pursuant to NYCRR 130-1.1-a and pertains to all of the enclosed documents: answer, cross-claim(s) and counter-claims(s), if any, together with the accompanying combined demands for particulars and discovery.

Dated:   New York, New York
         January 13, 2017

By: _____
    DANIEL JOY
    Assistant Corporation Counsel


_____
Attorney(s) for Plaintiff(s)

## AFFIRMATION OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

    The undersigned, an attorney admitted to practice in the courts of New York State, shows: that he is employed in the office of the Corporation Counsel of the City of New York, and affirms this statement to be true under the penalties of perjury, pursuant to Rule 2106 CPLR:

    That on the 13th day of January 2017 he served the annexed ANSWER TO AMENDED COMPLAINT upon:

MATTHEW ITKIN
by mailing a copy to his/her/their attorney(s),
BRETT KLEIN, ESQ, PLLC.
at 305 BROADWAY, #600
NEW YORK, NY 10007

being the address within the State theretofore designated by him/her for that purpose, by causing to be deposited a copy of the same, enclosed in a prepaid wrapper in a post office box situated in the State of New York, City of New York, regularly maintained by the Government of the United States in said City and State.

Dated:    New York, New York
             January 13 2017

                                                DANIEL JOY
                                                Assistant Corporation Counsel

Index #: 150415/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

MATTHEW ITKIN,

                                          Plaintiff(s),

- against -

CITY OF NEW YORK, MARK SCARLATELLLI, JOHN RYAN, STACY MEIGS, PHILIP VACCARINO, CLIVE MOYER, and STEVEN SPOSITO

                                          Defendant(s).

# ANSWER TO AMENDED COMPLAINT

ZACHARY W. CARTER
Corporation Counsel
Attorney for Defendants THE CITY OF NEW YORK, MARK SCARLATELLI S/H/A MARK SCARLATELLLI, JOHN RYAN, STACY MEIGS, PHILIP VACCARINO, CLYDE MOYER S/H/A CLIVE MOYER, STEVEN SPOSITO,
100 Church Street
New York, New York 10007
Assistant Corporation Counsel: Daniel Joy

Phone: 718-620-1083